UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KHADIJA KARIM, an individual,

                    Plaintiff,

        v.

AMAZON.COM, INC.,

                    Defendant.

NO.

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL

COMES NOW the Plaintiff, KHADIJA KARIM, (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, JOHNSON BECKER, PLLC and DIAMOND~MASSONG, PLLC, and hereby submits the following Complaint and Demand for Jury Trial against Defendant, AMAZON.COM, INC. (hereafter referred to as "Amazon"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## I.      NATURE OF THE CASE

1.      This is a product liability action based upon causes of action under the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et seq.,* for strict liability, negligence, breach of implied warranties, etc., seeking recovery for substantial personal injuries and damages suffered by Plaintiff.

2.      Plaintiff seeks recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by a Yeamon Portable Cordless Heating Pad-1, (hereafter generally referred to as "heating pad(s) or "subject heating pad") marketed,

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 1

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬥ 206.445.1257 Fax

imported, distributed, and sold by Amazon and designed, manufactured, marketed, imported, distributed and/or sold by "Yeamons". Upon information and belief, Yeamons is a corporation organized under the laws of the United Kingdom with a purported address of "123 Main St, London, UK."[1]

3.     Upon information and belief, as well as the investigation of counsel, Yeamons does not appear to be a legitimate entity subject to the personal jurisdiction of this Court.

4.     Regardless of Yeamons legitimacy (or lack thereof), it sells, through Defendant Amazon, a wide range of consumer products, including the subject heating pad at issue in this case.

5.     Amazon marketed, imported, distributed, and sold a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

6.     Specifically, said defect manifests itself when the heating pads overheat, posing fire and burn hazard; just as it did in this case.

7.      On or about April 28, 2023, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the heating pad overheating, which resulted in, *inter alia*, second-degree burn injuries and an infection.

8.     As a direct and proximate result of Amazon's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, permanent scarring, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## II.     PLAINTIFF KHADIJA KARIM

9.     Plaintiff is a resident and citizen of the City of Philadelphia, County of Philadelphia, Commonwealth of Pennsylvania.

10.     Plaintiff purchased the subject heating pad online from Amazon.com.

---

[1] *See* https://www.yeamons.com/index.php?route=information/contact (last accessed April 11, 2025)

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 2

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬥ 206.445.1257 Fax

11. On or about April 28, 2023, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the heating pad overheating, which resulted in, *inter alia*, second-degree burn injuries and an infection.

12. The incident occurred as a result of the Yeamons failure to redesign the heating pad, despite the existence of economical, safer alternative designs; as well as Amazon's decision to import and distribute a dangerous, unvetted product into the United States.

### III.    DEFENDANT AMAZON.COM, INC.

13. Defendant Amazon markets, imports, distributes, and sells a variety of consumer products, including the subject heating pad in this case.

14. Defendant Amazon is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Washington with its headquarters and principal place of business located in Washington. Amazon does business in all 50 states. Amazon is therefore deemed to be a resident and citizen of the State of Washington for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

15. At all times relevant, Amazon substantially participated in the marketing, import, distribution and sale of the subject heating pad, which caused Plaintiff's injuries and damages.

### IV.    JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant Amazon is a resident and citizen of the State of Washington.

21. Venue in this Court is also proper pursuant to 28 U.S.C. § 1391 in that Defendant Amazon has sufficient minimum contacts with the State of Washington and intentionally availed itself of the markets within Washington through the promotion, sale, marketing, and distribution of its products.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 3

### V.    FACTUAL BACKGROUND

22.    Amazon is engaged in the business of marketing, importing, distributing, and selling a wide range of consumer products, including the subject "Yeamon Portable Cordless Heating Pad-1, that is at issue in this case.

23.    Upon information and belief, Yeamons is a corporation organized under the laws of the United Kingdom with a purported address of "123 Main St, London, UK."

24.    Upon information and belief, as well as the investigation of counsel, Yeamons does not appear to be a legitimate entity subject to the personal jurisdiction of this Court.

25.    Regardless of Yeamons legitimacy (or lack thereof), it sold, through Defendant Amazon, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

26.    Specifically, said defect manifests itself when the heating pads overheat, posing fire and burn hazard; just as it did in this case.

27.    On April 28, 2023, Plaintiff decided to use the subject heating pad for the first time. She took the heating pad out of the packaging and looked for an instruction manual, but it didn't have one.

28.    She charged the heating pad for 10 minutes. Then she took it off the charger and proceeded to wrap the belt around her lower abdomen, with the heating pad resting against her stomach and with cloth between the heating pad and her skin.

29.    She proceeded cautiously, choosing to only use the pad on the lowest setting.

30.    For the first 10 minutes, the heating pad seemed to be working fine. However, the pad then started to get extremely hot; despite still set to the lowest setting.  The increasing heat was uncomfortable, and Plaintiff could tell something was wrong, so she tried to unbuckle the strap so that she could remove the heating pad.

31.    She found that she could not get it off. As she continued to struggle with the buckle, she felt a sharp, hot sting from her abdomen, where the incredibly hot heating pad was

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 4

DiamondMassong, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬦ 206.445.1257 Fax

still pressed against her stomach. She snatched the heating pad, pulled it over her head to get it off, and threw it across the room.

32.    As a result of the incident, Plaintiff sustained, *inter alia*, second-degree burn injuries and an infection.

33.    By reason of the forgoing acts or omissions, the above-named Plaintiff purchased the heating pad with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use.

34.    Plaintiff used her heating pad for its intended purpose and did so in a manner that was reasonable and foreseeable by the Defendant.

35.    However, the aforementioned heating pad was defectively and negligently designed and manufactured by in that it overheated; placing the Plaintiff, her family, and similar consumers in danger while using the heating pads.

36.    The subject heating pads possess defects that make them unreasonably dangerous for their intended use by consumers because of the propensity to overheat and burn the user.

37.    Economic, safer alternative designs were available that could have prevented the heating pad from overheating.

38.    As a direct and proximate result of Defendants' concealment of such defects, their failure to warn consumers of such defects, and their failure to remove a product with such defects from the stream of commerce, Plaintiff used an unreasonably dangerous heating pad, which resulted in significant and painful bodily injuries.

39.    Consequently, Plaintiff in this case seeks compensatory damages resulting from the use of the subject heating pad as described above, which has caused Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 5

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

## VI.    CLAIMS FOR RELIEF

### COUNT I - STRICT PRODUCTS LIABILITY

40.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

41.    This count is brought pursuant to the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et seq*.

42.    At the time of Plaintiff's injuries, the heating pads marketed, imported, distributed, and sold by Amazon were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

43.    The subject heating pads, including Plaintiff's heating pad, were in the same or substantially similar condition as when they left the possession of Defendants.

44.    Plaintiff did not misuse or materially alter the heating pad.

45.    The heating pads did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

46.    Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the heating pads safe. Specifically:

a.    The heating pads imported, distributed, marketed, supplied and/or sold by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

b.    The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

c.    Defendant failed to properly import, distribute, market, supply, and sell the heating pads, despite having extensive knowledge that the aforementioned injuries could and did occur;

d.    Defendant failed to warn and place adequate warnings and instructions on the heating pads; and

e.    Defendant failed to adequately test the heating pads.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 6

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬥ 206.445.1257 Fax

47.     Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

### COUNT II - NEGLIGENCE

48.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

49.     This count is brought pursuant to the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et seq.*

50.     Defendant had a duty of reasonable care to import, distribute, market, supply, and sell non-defective heating pads that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

51.     Defendant failed to exercise ordinary care in the import, distribution, supply, warnings, quality assurance, quality control, advertising, marketing, promotion, and sale of the subject heating pads in that Defendant knew or should have known that said heating pads created a high risk of unreasonable harm to the Plaintiff and consumers alike.

52.     Defendant was negligent in the import, distribution, supply, advertising, warning, marketing and sale of the subject heating pads in that, among other things, it:

  a.  Failed to use due care in importing, distributing, supplying, advertising, marketing and selling the heating pads to avoid the aforementioned risks to individuals;

  b.  Placed an unsafe product into the stream of commerce; and

  c.  Was otherwise careless or negligent.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 7

**COUNT III - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

53.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

54.    This count is brought pursuant to the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et seq.*

55.    At the time Defendants imported, marketed, supplied, distributed and sold the subject heating pads to the Plaintiff in this case, Defendants warranted that the heating pads were merchantable and fit for the ordinary purposes for which they were intended.

56.    Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

57.    The heating pads were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

58.    Plaintiff purchased and used the heating pad with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use.

59.    Defendants' breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

**VII.    INJURIES & DAMAGES**

60.    As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident.  Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 8

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬥ 206.445.1257 Fax

61.     As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

62.     As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns he suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendants for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## VIII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants for damages, as well as all costs of this action and interest to the full extent of the law, whether arising under the common law and/or statutory law, including:

a.  Judgment for Plaintiff and against Defendant;

b.  Damages to compensate Plaintiff for her injuries and suffering sustained as a result of the use of the Defendants' heating pad;

c.  Pre- and post-judgment interest at the lawful rate;

d.  A trial by jury on all issues of the case; and

e.  For any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including, but not limited to, all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 9

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬥ 206.445.1257 Fax

**JURY TRIAL DEMANDED**

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

Respectfully submitted,

**DIAMOND MASSONG, PLLC**

Dated: 4/21/25

By: /s/ Maria S. Diamond
Maria S. Diamond, WSBA No. 13472
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
(206) 445-1258
maria@diamondmassong.com

*In association with:*

**JOHNSON BECKER, PLLC**

/s/ Adam J. Kress
Adam J. Kress, Esq., MN ID #0397289
*Pro Hac Vice application forthcoming*
Anna R. Rick, Esq., MN ID #0401065
*Pro Hac Vice application forthcoming*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 10