UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KHADIJA KARIM, <br><br>                        Plaintiff, <br><br>        v. <br><br> AMAZON.COM INC., <br><br>                        Defendant. | CASE NO. C25-720 MJP <br><br> ORDER DENYING STIPULATED PROTECTIVE ORDER |

    This matter comes before the Court on the Parties' Stipulated Protective Order. (Dkt. No. 15.) Having reviewed the filing and all supporting materials, the Court DENIES the Stipulated Protective Order.

    The Court finds several areas where the Stipulated Protective Order deviates in material and unreasonable ways from the Model Protective Order that the Court will not approve in the form submitted. The Court reviews its concerns.

    First, the Parties have defined "'Confidential' material" in an overbroad manner. The Model Protective Order instructs parties to define this term to "include a list of specific list of

documents . . . not . . . broad categories of documents." (See Model Protective Order at ¶ 2 available at https://www.wawd.uscourts.gov/sites/wawd/files/ModelStipulatedProtectiveOrder%20CLEAN_2.1.23.pdf.) Here, the Parties propose new language to the Model Order that would let a party designate any document, whether it fits within the specific list of documents or not, to be claimed as confidential. This is accomplished by the following underlined wording: "Confidential material shall include, <u>but is not limited to</u>, the following <u>non-exclusive list of</u> documents and tangible things produced or otherwise exchanged. . . ." (Dkt. No. 15 at 1-2 (emphasis added).) The Court will not approve of language which renders the "specific list of documents" subject to caveats and exceptions that makes the definition overbroad.

    Second, the Parties' list of documents in Paragraph 2 includes many that do not necessarily appear to merit protection on their face. Specifically, bullets 3, 6, 7, 8, 9, and 10 all refer to materials that may or may not be publicly available and/or kept confidential by a designating party. Without language which narrows this to non-public and confidential information, the Court finds the proposed definitions overbroad. Additionally, the final bullet does not identify a specific list of documents, is overbroad, and appears duplicative of the other bulleted items. The Court will not approve of these bulleted items as currently phrased, but will consider a revised list that identifies specific documents that are non-public and kept confidential by the designating party.

    Third, Section 4.2(h) proposes a category of individuals who may review "Confidential" material that is redundant to Section 4.2(d). The Parties should remove this unnecessary language in any renewed protective order.

1  Fourth, Section 5.1 of the Stipulated Protective Order deviates materially from the Model
2  Protective Order as to mass and over-designations. The proposed language would limit the scope
3  and purpose of this provision in the Model Protective Order and the Court sees no basis for doing
4  so, particularly without justification or apparent need.

5  Given these concerns, the Court DENIES Stipulated Protective Order. The Court's denial
6  is without prejudice to a renewed stipulated protective order which addresses the Court's
7  concerns as outlined in this Order.

8  The clerk is ordered to provide copies of this order to all counsel.

9  Dated July 21, 2025.

Marsha J. Pechman
United States Senior District Judge